## BENEDICT *v*. WILLIAMS and another.

*(Circuit Court, S. D. New York.* April 8, 1882.)

1. CONTRACT—WANT OF PRIVITY.

The defendant W. contracted with defendant K. to have the latter conduct a litigation for him, and receive one-fourth of the avails for his services. K., with assent of W., engaged M. and L. to assist him, they to share equally with him in his one-fourth. After W. received the avails, L. was settled with, but M.'s share not being paid, the plaintiff, as M.'s assignee, brought this action in the state courts in his own name to recover it. Thereafter the suit was removed to the equity side of this court, and defendant W. demurred upon the grounds of want of privity of contract, and that plaintiff's remedy, if any, is at law. *Held*, that M.'s share, if payable to K., was so payable for M. ; and, not having been paid to K., M. would have the right to sue both W. and K., the latter as his trustee. and the former as a debtor to his trustee for him; and plaintiff, as M.'s assignee, had the same right to enforce the claim.

2. REMOVAL OF CAUSE—PROCEDURE.

The plaintiff having properly brought the action in his own name, in the state courts, he could proceed with it after its removal only on the equity side of this court; his right, as the assignee of a chose in action, being a purely equitable one, and strictly cognizable in his own name in a court of equity only.

In Equity.

*William A. Beach*, for plaintiff.

*Edward M. Shepherd*, for defendants.

WHEELER, D. J. This cause has been heard on demurrer to the bill. It was commenced in the state court and removed to this court. The bill shows that the defendant Williams, a citizen of Connecticut, made a contract with the defendant Kernochan, a citizen of Massachusetts, by the terms of which the latter was to conduct litigation in behalf of the former against the Kansas Pacific Railway Company, as counsel, and to receive one-fourth part of the avails thereof for so doing; that by a contract between Kernochan and Edwin R. Meade and Henry E. Knox, the two latter were to assist in the conduct of the litigation, and to share equally with the former in the one-fourth part of the avails; that the litigation was conducted by them with the

knowledge of Williams, and proceeded until the sum of $27,500 was received from it as the avails of it by him; that Meade sold and assigned his share of these avails to the orator, a citizen of New York; that Knox has been fully settled with; and that Meade's share has not been paid over. The principal grounds of demurrer assigned are that there was no privity of contract between either Williams and Meade or Williams and the orator; that Williams is only liable to Kernochan, who may be liable over to Meade or to the orator; and that the orator's remedy, if he has any, is at law.

The want of privity relied upon, however, is not material. It may be that Williams had only to pay Kernochan as he agreed to, but if so he has not paid to Kernochan Meade's share. That share, if payable to Kernochan, was payable to him for Meade; and Meade would have the right to proceed for it against both; against Kernochan as his trustee, and against Williams as a debtor to his trustee for him. This right he could sell and assign, as the bill alleges he did sell and assign it to the orator, and when so sold and assigned the orator became vested with the right also in some manner to enforce it. It is understood that the distinctions between legal and equitable procedure are done away with in the state courts, from which the case was removed, and that there the remedy is to be sought by the real owner of a cause of action in his own name. In this court these distinctions are kept up, although the proceedings at law conform to those in the courts of the state. At common law a mere chose in action was not assignable at all, although it was assignable in equity; and hence an assignee of a chose in action could not maintain an action at law upon it in his own name, but could, in the name of the assignor, for his own benefit, or he could proceed in equity to recover it, and, if he did, must proceed in his own name. The orator took the only mode that was open to him in the state court. Had the proceedings remained there, his rights would have been wrought out by the appropriate methods there provided. But when the proceedings were removed into this court they were neither removed from a court of law or the law side of a court to the law side of this court; nor from a court of equity or from the equity side of a court to the equity side of this court; but they were removed from that court as it was, where remedies are administered without this distinction, to this court, where the distinction is observed; and the removal was necessarily to that side of this court where the appropriate relief, if due, could be obtained. He is merely the assignee of a chose in action

which accrued to Meade, or to Kernochan for Meade; the proceedings are in his own name, and he can go forward with such proceedings only on the equity side of this court. His right is a purely equitable one, and strictly cognizable in his own name in a court of equity only, or only where equitable remedies are administered; and the remedy is none the less equitable because it might not be so classed in the state court.

The demurrers are overruled, with leave to the defendants to answer over within 30 days on payment of costs of demurrer.